**FILED**
**Mar 23, 2023**
**08:10 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Hutchins | ) | Docket No.      2021-02-0572 |
| | ) | |
| v. | ) | State File No.  71396-2021 |
| | ) | |
| Cardinal Glass Industries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee asserts the trial court erred in granting the employer's motion for summary judgment.  Having carefully reviewed the record, we affirm the trial court's decision and certify as final its orders granting summary judgment and denying the employee's subsequent motion to alter or amend.  We further conclude this appeal is frivolous but decline to award attorneys' fees or expenses under the circumstances presented in this case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Donald F. Mason, Jr., Kingsport, Tennessee, for the employee-appellant, David Hutchins

Catheryne L. Grant and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellee, Cardinal Glass Industries, Inc.

### Factual and Procedural Background

On September 15, 2021, David Hutchins ("Employee") reported suffering an injury to his left knee while working for Cardinal Glass Industries, Inc. ("Employer").  Employee stated that the injury occurred while he was "brisk[ly] walking out of the control room to the plant floor."  He alleges when he stepped to the left, there was a ½ to ¾-inch change from a tiled floor to a smooth concrete surface.  He also claims the floor was "always dusty" and the concrete was shiny and slick.  Employee asserted the combination of the drop down and the slick floor caused his knee injury.

1

Employee was provided a panel of physicians from which he selected Ballad Health. X-rays taken at that facility showed no fractures, and Employee was prescribed medication and given a knee brace. After Employee provided a recorded statement to Employer's insurance representative, Employer denied the claim, asserting that Employee's injury was idiopathic. Thereafter, Employee began medical treatment on his own with Associated Orthopaedics under the care of a nurse practitioner, Josh Smith ("N.P. Smith"). An MRI showed no tendon tears but indicated some fluid around Employee's knee.

In April 2022, Employee filed a request for a hearing, indicating he had reached maximum medical improvement and wanted to proceed with setting his case for trial. The court issued a Scheduling Order on June 1, 2022, setting certain deadlines for discovery and motions. Employee's deadline to disclose medical experts was July 29, 2022; the parties were given until October 24 to file all motions; and Employee's case was set for trial on November 22, 2022.

On August 3, 2022, Employer filed a Motion for Summary Judgment, asserting that Employee had identified no expert witnesses as required by the Scheduling Order, and Employee's evidence of medical causation was insufficient, entitling it to judgment as a matter of law. As required by Bureau rules, *see* Tenn. Comp. R. and Regs. 0800-02-21-.18(1), Employer obtained a hearing date, which was reflected on the face of the motion. Employee did not file a response to Employer's motion for summary judgment or its statement of undisputed material facts. Instead, on September 21, 2022, two days before the scheduled hearing on Employer's dispositive motion, Employee filed a motion for continuance, without a supporting affidavit, asking the court to delay a hearing on Employer's motion for summary judgment and/or "remove [the case] from the active docket until the Employee is definitively diagnosed, appropriately treated, reaches Maximum Medical Improvement[,] and is given an impairment rating." The trial court denied Employee's motion for a continuance because it was not filed within a sufficient time to allow Employer to respond prior to the scheduled hearing as set forth in applicable rules.

On September 29, 2022, the trial court issued a compensation order granting Employer's motion for summary judgment. The court concluded that Employer had met its burden at the summary judgment stage to show Employee's evidence was insufficient to establish medical causation, and Employee had not come forward with any evidence creating a genuine issue of material fact for trial. Additionally, the court noted that Employee did not properly request additional time to respond to the motion for summary judgment because his motion for continuance did not include an affidavit as required by Tennessee Rule of Civil Procedure 56.07. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). Moreover, a trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

In *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), the Tennessee Supreme Court overruled several prior opinions addressing Tennessee's summary judgment standard. In doing so, the Court explained that, moving forward, a party seeking summary judgment may satisfy its burden of production *either*: "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Id.* at 264 (emphasis in original). Hence, if the moving party makes a properly-supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact *at the summary judgment stage*. *Rye*, 477 S.W.3d at 265.[1] "A fact is

---

[1] On March 17, 2023, Employee filed a "Submission to the Board of Potential Law of the Case, Request for Reversal of Trial Court and for Attorney Fees and Costs." This document was filed *in addition to* "Appellant's Brief in Support of Appeal" and "Appellant Hutchins [sic] Reply Brief." Employee's March 17 submission was not filed in accordance with Tenn. Comp. R. and Regs. 0800-02-22-.06. We elect to

material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at *14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 Tenn. App. LEXIS 5, at *15 (quoting *Byrd*, 847 S.W.2d at 215).

Bureau rules set forth certain requirements for dispositive motions. First, a dispositive motion must be filed "in accordance with the Tennessee Rules of Civil Procedure." Tenn. Comp. R. & Regs. 0800-02-21-.18(1). A court will not entertain a motion for summary judgment until after a scheduling order has been issued. *Id.* The moving party is required to contact the court's staff to obtain a hearing date, which must be no sooner than thirty (30) days after the filing date, and that date must be prominently reflected in the motion. *Id.* Finally, the responding party must file its response to the dispositive motion "no later than five (5) business days before the motion hearing." *Id.*

In the present case, Employer's motion for summary judgment complied with the requirements of Rule 56 of the Tennessee Rules of Civil Procedure and was accompanied by a statement of undisputed facts, a Rule 72 declaration, and a memorandum of law. The basis of Employer's motion was that Employee had come forward with no evidence in support of his assertion that his left knee condition was caused by an accident arising primarily out of and in the course and scope of his employment. Employer obtained an appropriate date for the motion hearing and listed that date prominently in its motion. Employee filed no response to the motion, did not respond to the statement of undisputed material facts as required by Rule 56.03, and came forward with no expert medical evidence supporting his claim. Moreover, Employee did not comply with the terms of the trial court's scheduling order requiring him to disclose the identity of all expert witnesses on or before July 29, 2022; nor did he file a motion seeking to extend that deadline or amend the scheduling order prior to the expiration of that deadline.

In his brief, Employee argues that Employer's Motion for Summary Judgment was filed prematurely considering the new diagnosis and treatments suggested by Dr. Riggins, and the trial court's order should be vacated under the unique circumstances presented in this case. Further, Employee asks that the scheduling order be revised in light of Dr. Riggins's more recent reports. We are unpersuaded by Employee's arguments.

In his motion to alter or amend the trial court's order granting summary judgment, Employee references Dr. Riggins's reports, which were attached to Employee's motion. Yet, these reports were not accompanied by an affidavit and were not presented in an

---

treat Employee's filing as a motion to allow a supplemental brief, which we deny. We note further that Employee's submission does not address the summary judgment standards articulated by the Tennessee Supreme Court in *Rye*.

admissible form in opposition to the motion for summary judgment. At the summary judgment stage of a case, Rule 56.04 of the Tennessee Rules of Civil Procedure allows a trial court to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." As we have observed previously, "[m]edical records, standing alone, are not included in that list." *Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13 (Tenn. Workers' Comp. App. Bd. June 22, 2021). Thus, a court cannot consider unauthenticated medical records that "were not presented to the trial court in any admissible form at the summary judgment stage of the case." *Id.*

Employee asserts that there was no reason to identify Dr. Riggins as an expert witness as required by the trial court's scheduling order because Employer's counsel had deposed Employee in May 2022, prior to the expert disclosure deadline, and was "fully aware" of the identity of Employee's medical providers. He further argues that he was unable to comply with the terms of the court's scheduling order because of "a completely revised, unknown and unconfirmed diagnosis" made by Dr. Riggins in "June, July and September 2022." We conclude employee's argument on this issue is without merit. In most cases, parties are aware of the identity of an injured worker's treating medical providers; yet, in a typical scheduling order, the parties are nevertheless required to disclose those persons, including medical providers, they intend to present as expert witnesses at trial. Parties and their attorneys often make strategic decisions regarding which experts they may use at trial, including some but excluding others. The purpose of the court's scheduling order is not merely to identify *potential* witnesses, but to put other parties on notice of expert testimony the party intends to present at trial. Furthermore, the course of a patient's treatment is often unpredictable, and physicians revise or amend diagnoses and recommended courses of treatment as merited by the circumstances of any given case. Yet, it was Employee who filed the request for a scheduling hearing, and it was Employee who indicated he had been placed at maximum medical improvement and was ready to proceed to trial. In short, Employee did not comply with the terms of the trial court's order and did not seek to amend the scheduling order in a timely manner.

In sum, we conclude Employer filed a properly-supported motion for summary judgment and based its motion on the assertion that Employee's evidence of medical causation was insufficient as a matter of law. Instead of responding to Employer's motion and producing a medical opinion in an admissible form to create a genuine issue of material fact, Employee filed a late motion for continuance two days before the scheduled hearing without a supporting affidavit, which was properly denied.

Finally, Employer asserts that Employee's appeal is frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31,

2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Here, Employee did not timely respond to Employer's dispositive motion, did not comply with Rule 56, and did not file a timely motion for continuance of the summary judgment hearing supported by an affidavit. In short, Employee had no reasonable chance of success on appeal, and we conclude his appeal is frivolous. However, we exercise our discretion and decline to award attorneys' fees or expenses in these circumstances.

## Conclusion

For the foregoing reasons, we affirm the trial court's order granting summary judgment and its order denying Employee's motion to alter or amend the judgment, and we certify those orders as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Hutchins | ) | Docket No. 2021-02-0572 |
| | ) | |
| v. | ) | State File No. 71396-2021 |
| | ) | |
| Cardinal Glass Industries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of March, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Donald Mason | | | | X | dfm@donmasonlaw.com<br>katy@chartertn.net |
| Catheryne Grant | | | | X | catherynelgrant@feeneymurray.com<br>trp@feeneymurray.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov